IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

| | |
|---|---|
| NICHOLE HAWKINS, | ) |
| Plaintiff | ) 1:23-CV-00354-RAL |
| vs. | ) |
| | ) SUSAN PARADISE BAXTER |
| OLIVER, FORMER SUPERINTENDENT; OVERMYER, FORMER SUPERINTENDENT; MS. SENZ, FORMER PSYCHOLOGIST; MS. BROWN, MS. BOYLAN, DESK CLERK SUPERINTENDENT'S OFFICE; MS. WAGNER, MS. R. ROCKWOOD, JOHN WETZEL, MS. A. MAHALSKI, THE UNITED STATES POSTAL SERVICE, MR. OBENG, MS. WEBSTER, MS. SHAHADA, DEPARTMENT OF CORRECTIONS, JOHN DOE, SURGEON; MS. WILTANGER, MR. HECKLER, SUPERINTENDENT GRAVES, MS. SOMMOSKY, PSYCHOLOGIST; MR. EDWARDS, MS. ANDERSON, CORRECTIONAL INDUSTRIES, MEDICAL ETHICS LICENSE BOARD, THE PSYCHIATRY ETHIC BOARD, LICENSE COSMOTOLOGY BOARD, FEDERAL BUREAU OF INVESTIGATIONS, MR. ACE, | ) United States District Judge<br><br>) RICHARD A. LANZILLO<br>) Chief United States Magistrate Judge<br><br>) REPORT AND RECOMMENDATION<br>) DENYING PLAINTIFF'S MOTION FOR<br>) TEMPORARY RESTRAINING ORDER<br><br>) ECF NO. 43 |
| Defendants | ) |

**I.     Recommendation**

It is respectfully recommended that Plaintiff Nichole Hawkins' motion for a temporary restraining order (ECF No. 43) be DENIED.

**II.    Report**

Plaintiff Nichole Hawkins ("Hawkins") is an individual presently incarcerated at the State Correctional Institution at Cambridge Springs ("SCI-Cambridge Springs"). She initiated

this pro se civil rights action pursuant to 42 U.S.C. § 1983 against thirty-eight defendants, eleven of whom have since been terminated as parties to the suit. Hawkins has filed several "amendments" to her Complaint since commencing this action, and the Court has now compiled these amendments into a single 207-page Second Amended Complaint. ECF No. 61. Beyond its prolixity, the Amended Complaint is unfocused, rambling, and replete with stream-of-consciousness diatribes, making it nearly impossible to follow. Construing the Amended Complaint generously, the Court can discern at best potential Eighth Amendment claims for deliberate indifference and conditions of confinement.

Hawkins' motion for a temporary restraining order ("TRO") remains pending. *See* ECF No. 43. Hawkins' motion avers that in 2018 she underwent a hysterectomy performed by "Dr. Warner."[1] The motion further alleges that in addition to her hysterectomy, one of Hawkins' ovaries was also removed due to ovarian cysts. ECF No. 43 at p. 1. This procedure caused her complications requiring blood transfusions. ECF No. 43 at p. 2. On November 12, 2023, Hawkins was taken to Meadville Hospital due to pain in her stomach and, she alleges, she learned that both her ovaries were still intact. ECF No. 43 at p. 3. Hawkins further alleges that Dr. Warner came to the prison and wanted to examine Hawkins with a CT scan "in an attempt to be in charge of my medical treatment, to cover up malpractice…" *Id.* For relief, she seeks "a restraining order against Dr. Warner, without my medical follow-up and treatment being delayed with Meadville Hospital and I would like (Dr. Oberg) who is also a named defendant, to approve and set up my appointment with Meadville Hospital recommendation and (not retaliate against) the Plaintiff by delaying setting up the appointment." ECF No. 43 at p. 4. Hawkins also requests

---

[1] Hawkins's Complaint referred to "Dr. Wagner" (*see* ECF No. 61 at p. 85), a doctor at UPMC. Contextually, it appears that this is the same physician referred to in her motion for TRO as "Dr. Warner."

that the Court order the prison to allow her to make phone calls to 1-800 numbers so that she may find a medical malpractice attorney. *Id.*

### A. Standard of Review

A temporary restraining order is assessed under the same standards as a preliminary injunction. *See, e.g.*, *Alves v. Main*, 747 Fed. Appx. 111, 112 n.3 (3d Cir. 2019) (citing *Holland v. Rosen*, 895 F.3d 272, 285 (3d Cir. 2018)). The party seeking preliminary injunctive relief has the burden of demonstrating: (1) a reasonable probability of success on the merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not result in greater harm to the non-moving party; and (4) that the public interest would best be served by granting the injunction. *Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 879 (3d Cir. 1997); *Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187, 191-92 (3d Cir. 1990). As a threshold matter,

> [t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Fed. R. Civ. P. 65(b)(1).

As the moving party, Hawkins bears the burden of supporting the first two factors. *See Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994). She must allege facts and produce evidence that clearly supports a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. *See United States v. Stazola*, 893 F.2d 34, 37 n.3 (3d Cir. 1990); *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989). Absent support for either of the first two

3

factors, a court must deny the request for a preliminary injunction. *See Acierno*, 40 F.3d at 653 (3d Cir. 1994); *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000).

The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and according to the principles of equity. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). The grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." *American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421 (3d Cir. 1994) (quoting *Frank's GMC Truck Center, Inc. v. General Motor Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)). In the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

### B. Discussion

Hawkins' motion for emergency injunctive relief satisfies none of the requirements for issuance of a TRO. Based on Hawkins' allegations, her claim against Dr. Warner borders on the fanciful, and her prospects for success on the merits of that claim are far from likely. She essentially is asking the Court to direct prison officials to assign responsibility for her care to specific doctors and away from others. But an inmate does not have a right, constitutional or otherwise, to choose their physician or direct their medical treatment. *Lasko v. Watts*, 373 Fed. Appx. 196, 203 (3d Cir. 2010) (observing that "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138–140 (2d Cir. 2000)). "[M]ere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218,

4

235 (3d Cir. 2004) (citations omitted). And claims under § 1983 against prison medical personnel generally fail where it is shown that the inmate has received continuing care but believes that more should be done by way of diagnosis and treatment. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976). And allegations of medical malpractice are not sufficient to establish a Constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108–09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332–34 (1986) (negligence is not compensable as a Constitutional deprivation). Hawkins alleges that Dr. Warner performed a hysterectomy and removed one of Hawkins' ovaries due to the presence of a cyst, but she learned that both her ovaries remained. Although this allegation may indicate malpractice, her motion and Amended Complaint are too confused to support a likelihood of success on the merits of that claim.

Her motion also falls short of alleging facts to support an inference that she faces irreparable harm absent injunctive relief. Hawkins has failed to allege any ongoing medical malpractice or negligence by Dr. Warner; her TRO is based solely on alleged conduct that occurred in the past. She has alleged no facts to support an inference that she faces prospective irreparable harm if she remains under the care of Dr. Warner.

Regarding Hawkins' second claim for relief, her request that the Court order the prison to permit her to call medical malpractice lawyers using 1-800 number is not sufficiently tethered to her Amended Complaint to support injunctive relief. She is essentially asking the Court to order prison officials to take specific actions to facilitate her lawsuit against Dr. Warner. This relief is distinct from the claims asserted and relief requested in her Amended Complaint. As such, it provides no basis for the entry of a TRO or preliminary injunction. *See Harrison v. Little*, 2022 WL 18359018, at *2 (W.D. Pa. Dec. 2, 2022), *report and recommendation adopted Harrision v.*

*Little*, 2023 WL 275985 (W.D. Pa. Jan. 18, 2023); *Angle v. Montag*, 2022 WL 1156606, at *2 (W.D. Pa. Apr. 19, 2022) (citing *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (rejecting injunctive relief where it "is not of the same character, and deals with a matter lying wholly outside the issues in the suit") (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945))). In addition, it is unclear against whom Hawkins seeks to impose this obligation. The Court cannot enter a TRO or preliminary injunction "against a person who has not been made a party to the case before it." *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996) (citing *Scott v. Donald*, 165 U.S. 107, 117 (1897) ("The decree is also objectionable because it enjoins persons not parties to the suit.")); *see also Angle v. Montag*, 2022 WL 1156606, at *2 (W.D. Pa. Apr. 19, 2022) (quoting *Marshall v. Sobina*, 2014 WL 4437705, at *4 (W.D. Pa. Sept. 9, 2014) (denying prisoner's motion for preliminary injunction against non-parties) (citing cases & Fed. R. Civ. P. 65(d)(2))). Hawkins' motion also does not support an inference that she will sustain irreparable harm absent a mandatory injunction directing prison officials to assist her. It therefore provides no basis upon which the Court may grant the requested relief. *See McLaughlin v. Zavada*, 2019 WL 5697347, at *2 (W.D. Pa. Nov. 4, 2019).

### III. Conclusion

For the foregoing reasons, it is respectfully recommended that Hawkins' motion for a temporary restraining order (ECF No. 43) be DENIED.

### IV. Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the

objections shall have fourteen (14) days from the date of service of objections to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

DATED this 3rd day of October 2024.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE