IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NICHOLE HAWKINS,** | ) | |
| Plaintiff, | ) | C.A. No. 23-354 Erie |
| | ) | |
| v. | ) | **District Judge Susan Paradise Baxter** |
| | ) | **Chief Magistrate Judge Richard Lanzillo** |
| **OLIVER, et al.,** | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff Nichole Hawkins, an inmate incarcerated at the State Correctional Institution at Cambridge Springs, Pennsylvania ("SCI-Cambridge Springs"), commenced this action by filing a motion for leave to proceed *in forma pauperis* ("*ifp* motion"). [ECF No. 1]. The case was referred to Chief United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

Plaintiff's *ifp* motion was ultimately granted on July 29, 2024 [ECF No. 37], and Plaintiff filed an amended complaint on August 14, 2024. [ECF No. 52]. Plaintiff subsequently filed a second amended complaint on September 27, 2024 [ECF No. 61], which is the operative pleading in this case; however, the "pleading" is actually a collection of separate "complaints," each addressing a single Defendant without any coherence or structured narrative among them. Included among the named Defendants are: four Pennsylvania Commonwealth agencies identified as the Pennsylvania Department of Corrections ("DOC"), the "Medical Ethics License Board," the "Psychiatry Ethics Board," and the "Licensed Cosmetology Board;" three non-state actors, including two private medical professionals, Dr. Wagner and an unnamed John Doe

physician, as well as a private corporation identified as "Correctional Industries;" two federal agencies, the Federal Bureau of Investigation ("FBI") and the United States Postal Service ("USPS"); six former or current supervisory Defendants at SCI-Cambridge Springs – former Superintendent Overmyer, former Superintendent Oliver, Superintendent Graves, Principal Heckler, Grievance Coordinator Boylan, Security Captain Ace – as well as former DOC Secretary Wetzel; and several current or former staff members at SCI-Cambridge Springs, including: Brown, a psychiatrist; Unit Manager Senz; Sommosky, a psychologist; Edwards; Medical professionals Anderson and Obeng; Wiltanger, a mailroom employee; corrections officers Webster and Shahada; cosmetology teacher Mahalski; and physician's assistant Rockwood.

On January 28, 2026, Chief Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") pursuant to the screening provisions of 28 U.S.C. § 1915(e), recommending that: (1) Plaintiff's claims against Defendants Overmyer, Graves, Heckler, Boylan, Ace, Wetzel, Oliver, Wagner, John Doe (physician), Correctional Industries, FBI, USPS, the DOC, the Medical Ethics License Board, the Psychiatry Ethics Board, and the Licensed Cosmetology Board, be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2); (2) Plaintiff's claims against Defendants Senz, Wiltanger, Webster, Shahada, Anderson, Obeng, Mahalski, and Rockwood be dismissed, without prejudice, pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure, with Plaintiff having the right to pursue those unrelated claims in federal court in separate actions, if she so desires; and (3) Plaintiff be allowed to pursue in this action only her deliberate indifference claims against Defendants Brown and Sommosky, and her retaliation claim against Defendant Edwards, as outlined in pages 29-32, 65-66, and 72 of her

second amended complaint, but should be directed to file an amended pleading as to those claims to provide greater detail, as outlined on pages 18-19 of the R&R. [ECF No. 79].

On February 17, 2026, Plaintiff filed three motions to set aside report and recommendation [ECF No. 87, 91, 93], which are more appropriately construed as objections to the R&R.[1] The first of these motions/objections [ECF No. 87] largely objects to the "removal" of Defendants Senz, Sommosky, and Brown, as well as Defendants Oliver, Overmyer, and Graves, while the second and third motions/objections specifically object to the dismissal of her claims against Defendants Obeng, Anderson, and Rockwood [ECF No. 91], and Defendants Mahalski and Heckler [ECF No. 93]; however, none of these objections have merit. First, the R&R does not recommend the "removal" of Defendants Sommosky and Brown; rather, the Magistrate Judge recommends that the Eighth Amendment claims against these Defendants be allowed to proceed, but that Plaintiff be directed to file an amended pleading to allege her claims against them with greater specificity. Thus, Plaintiffs' objections to the "removal" of these Defendants is misplaced. Second, Plaintiff's "objections" regarding the dismissal of her claims against Defendants Senz, Obeng, Anderson, Rockwood, Oliver, Overmyer, Graves, Mahalski, and Heckler merely consist of repetitive and incoherent allegations that fail to provide any basis for overturning the Chief Magistrate Judge's recommendations.

Thus, after *de novo* review of the motion and relevant documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 25th day of February, 2026;

---

[1] Plaintiff also filed an abbreviated two-page "response" to the R&R, which is primarily a renewed request for appointment of an attorney [ECF No. 88].

IT IS HEREBY ORDERED as follows:

1. Plaintiff's claims against Defendants Overmyer, Graves, Heckler, Boylan, Ace, Wetzel, Oliver, Wagner, John Doe (physician), Correctional Industries, FBI, USPS, the DOC, the Medical Ethics License Board, the Psychiatry Ethics Board, and the Licensed Cosmetology Board, are DISMISSED, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2).

2. Plaintiff's claims against Defendants Senz, Wiltanger, Webster, Shahada, Anderson, Obeng, Mahalski, and Rockwood are DISMISSED, without prejudice, pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure. If Plaintiff wishes to pursue her claims against these Defendants, she may do so by filing separate actions against them.

3. Plaintiff is allowed to pursue in this action only her Eighth Amendment deliberate indifference claims against Defendants Brown and Sommosky, and her retaliation claim against Defendant Edwards, as outlined in pages 29-32, 65-66, and 72 of her second amended complaint; however, to do so, Plaintiff must file an amended pleading as to those claims only, providing greater detail regarding those claims, as outlined on pages 18-19 of the R&R [ECF No. 79]. Plaintiff's amended pleading must be filed within thirty (30) days of the date of this Order. If Plaintiff fails to file an amended pleading clarifying these claims within such time, the Court will dismiss the claims with prejudice, without further notice, for Plaintiff's failure to prosecute.

IT IS FURTHER ORDERED that, based on the foregoing, all Defendants other than Defendants Brown, Sommosky, and Edwards, are hereby DISMISSED, and the Clerk is directed to terminate all of said Defendants from this case.

The report and recommendation of Chief Magistrate Judge Lanzillo, issued January 28, 2026 [ECF No. 79], is adopted as the opinion of the court.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

cc: The Honorable Richard A. Lanzillo
    Chief U.S. Magistrate Judge